IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCUS LEE GRAHAM,** | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-4883 |
| | : | |
| **TREVOR A. WINGARD, et al.,** | : | |
| | : | |
| Respondents. | : | |

# ORDER

**AND NOW**, this _27th_____ day of October, 2017, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Doc. 1), Respondents' Response in Opposition thereto (Doc. 9), Petitioner's Traverse (Doc. 15), the Report and Recommendation of the United States Magistrate Judge Jacob P. Hart (Doc. 18), and Petitioner's Objections to the Report and Recommendation (Doc. 21), **IT IS HEREBY ORDERED AND DECREED** that:

1. The Report and Recommendation (Doc. 18) is **APPROVED** and **ADOPTED**;[1]

---

[1] As Judge Hart determined, Petitioner's application for the writ of habeas corpus is time-barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a 1-year limitation period to apply for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period begins to run on the date the judgment becomes final, whether by the conclusion of direct review or by the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Properly filed petitions for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") toll the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner pled guilty on October 19, 2007, to first-degree murder, robbery, conspiracy to commit robbery, kidnapping, and burglary. Pet. for Writ of Habeas Corpus ¶¶ 2, 5, 6, Doc. 1. He was sentenced the same day to life imprisonment plus 40–80 years. Pet. for Writ of Habeas Corpus ¶¶ 2–3, Doc. 1. The Superior Court affirmed Petitioner's judgment of sentence on December 2, 2009. Resp'ts' Resp. in Opp'n to Pet. for Writ of Habeas Corpus, App. 227, Doc. 9-7. Petitioner's judgment became final on January 1, 2010, which was the expiration of time for Petitioner to seek review and request allocator in the Pennsylvania Supreme Court. Resp'ts' Resp. in Opp'n to Pet. for Writ of Habeas Corpus, App. 241, Doc. 9-8. Therefore, Petitioner's limitations period began to run on January 1, 2010.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED WITH PREJUDICE**; and

3. There is no probable cause to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

**BY THE COURT:**

/s/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

Petitioner filed a timely *pro se* PCRA petition on November 1, 2010, at which point he had used 304 days of his limitations period. Resp'ts' Resp. in Opp'n to Pet. for Writ of Habeas Corpus, App. 243, Doc. 9-8. On May 14, 2013, Petitioner's counsel filed an amended motion for post-conviction relief and accompanying memorandum. Resp'ts' Resp. in Opp'n to Pet. for Writ of Habeas Corpus, App. 277, Doc. 9-8. The trial court denied relief, and, upon Petitioner's timely appeal, the Pennsylvania Superior Court affirmed the denial on October 31, 2014. Resp'ts' Resp. in Opp'n to Pet. for Writ of Habeas Corpus, App. 724, Doc. 9-20.

Petitioner's PCRA petition was disposed of on March 10, 2015, when the Pennsylvania Supreme Court denied allocator. Resp'ts' Resp. in Opp'n to Pet. for Writ of Habeas Corpus, App. 738, Doc. 9-20. Petitioner's limitations period began to run again on March 10, 2015, when he had 61 days remaining. Therefore, Petitioner's deadline for filing a timely habeas corpus petition was May 10, 2015. Petitioner filed a second *pro se* PCRA petition on May 18, 2015. Resp'ts' Resp. in Opp'n to Pet. for Writ of Habeas Corpus, App. 740, Doc. 9-20. Because the petition was untimely, the petition did not toll the AEDPA statute of limitations.

This petition for habeas corpus relief was filed on August 28, 2015, several months after the expiration of the limitations period. Pet. for Writ of Habeas Corpus 1, Doc. 1. Because Petitioner did not file this petition until after the expiration of the AEDPA statute of limitations, it is untimely and must be dismissed. Additionally, Petitioner is not entitled to equitable tolling, as Judge Hart determined. Doc. 18 at 5–7.